

# The Attorney General

# of Texas

Austin, Texas 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 22, 1969

Honorable James Allen Payne
County Attorney
Sabine County
Hemphill, Texas 75948

Opinion No. M-543

RE: Interpretation of
House Bill 1437,
61st Legislature,
R.S. 1969

Dear Mr. Payne:

You have requested an opinion of this office interpreting the meaning of House Bill 1437, 61st Legislature, R.S. 1969, ch. 640, p. 1421, codified as Article 978j, Vernon's Penal Code, which reads, in part, as follows:

"Section 1. No person may use any horn, recording, or other device to call or attract wild fox in Shelby, Nacogdoches, Sabine, San Augustine, Falls, or Leon Counties."

"Section 2. A person who violates any provision of this Act is guilty of a misdemeanor and upon conviction is punishable by a fine of not less than $25. nor more than $200."

We quote from your request:

"A question has arisen in our County pertaining to the above captioned bill. Is a person who is found with a horn, recording, or other device, which device will call or attract wild fox in violation of this law even though it is not his intent to be hunting fox? This person was using the recording device to attract wild cats and wolves.

"It appears to me that this statute is vague
and would depend on the intent of the person
using the recording or other devices. If he
was calling wolves and bobcats and a wild fox
was attracted to the call and he did not harm
the fox in any way, would this be a violation
of this statute? Of course, the statute does
not say 'to call or attract wild fox for the
purpose of killing or capturing the same.'

"I have had numerous requests from citizens of
this County as to just what this statute covers.
In my opinion, it does not prohibit one from
using a horn, recording, or other device to
attract predators other than wild fox. However,
it would seem that if a wild fox was attracted
to a call even though the caller was hunting
predators other than wild fox, then it might
be construed to be a violation of this act.
Also, it would appear that the burden of proving
that one was using devices for calling wild fox
would be on the State unless the person was
actually apprehended in the act of attracting
a wild fox."

In 53 Tex.Jur.2d 239, Statutes, Section 163, the follow-
ing appears (with ample authority cited in various footnotes):

"So where the statutory language is ambiguous,
or admits of more than one meaning, it is to be
taken in such a sense as will conform to the
scope and intent of the act, and will best or
most certainly accomplish its purpose, without
doing violence to plain statutory language.
Thus, where a statute is designed to afford a
remedy for existing evils, it should be given
such signification as will afford a reasonable
remedy. Contrariwise, a construction that is
repugnant to the object of the law or that will
defeat, thwart, or unduly limit its plain pur-
pose, will be avoided if possible."

In order to ascertain the intent of the Legislature in
the passage of this Act, we may also look to the caption of

the bill, which states as follows:

"An Act prohibiting the use of devices for calling wild fox in certain counties; providing a penalty; and declaring an emergency."

It thus appears from the caption that all that has been prohibited by the Legislature is the use of devices for the purpose of calling or attracting wild fox. This being a penal statute calling for a strict construction (53 Tex.Jr.2d 304-307, Statutes, Sec. 198; 16 Tex.Jur.2d 137, Criminal Law, Sec. 32) it necessarily follows that the use of devices for calling other wild game is not prohibited.

Since the burden of proof is always upon the State in a criminal action, it will be necessary to prove that any person found using the calling device had the intent to call wild fox. Proof of such intent may be difficult but it follows the general rule in all criminal cases where specific intent is a part of the offense. However, your attention is directed to Article 45 of Vernon's Penal Code which states:

"The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."

It is also noted that the statute in question does not mention possession of a calling device and therefore such possession would not be an offense.

## SUMMARY

The use of a horn, recording or other device in the named counties is only in violation of House Bill 1437, 61st Leg., R.S. 1969, when such use is for the purpose of calling or attracting wild fox.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman

Bob Lattimore
Tom Bullington
Lonny Zwiener
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant Attorney General